UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH and LINDA RUH, husband and wife, and JOSEPH and LINDA RUH, as guardian of KATE RUH., minor,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EAST WENATCHEE, a municipal corporation, and WILLIAM REDFIELD and "JANE DOE" REDFIELD, husband and wife, and the marital community composed thereof,<br><br>Defendants. | NO. CV-04-0441-RHW<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, REMANDING TO STATE COURT** |

Before the Court is Defendants' Motion for Partial Summary Judgment (Ct. Rec. 12). Oral argument was held on April 17, 2006. David Force appeared on behalf of Plaintiffs; Brian Christensen appeared on behalf of Defendants. This Order memorializes the Court's oral ruling.

## BACKGROUND

Plaintiffs brought a claim against Defendants in Douglas County Superior Court alleging negligence, negligent infliction of emotional distress, negligent supervision, and a violation of 42 U.S.C. § 1983. The complaint arose from a car accident involving minor Plaintiff Kate Ruh and Defendant William Redfield, who at the time was a police officer for the City of East Wenatchee. Defendants removed the case to federal court on November 22, 2004. The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331. The current motion is

for summary judgment dismissal of Plaintiffs' civil rights claim, negligent infliction of emotional distress claim, and negligent supervision claim.

## STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## FACTS

The following facts are undisputed unless otherwise noted:

Defendant William Redfield, employed as a police officer by the City of East Wenatchee, and Plaintiff Kate Ruh were involved in a car accident on February 11, 2004. The accident occurred at approximately 8:11 p.m., at the intersection of Ninth Street and Eastmont in the City of East Wenatchee.

At the time of the accident, Officer Redfield was responding to a report of an attempted robbery. He was told that a yellow truck was following the potentially-armed suspect, and he drove eastbound on Ninth Street in search of the yellow truck. Officer Redfield learned that the suspect was on foot, and he decided to turn around. He reasoned that a suspect on foot could not have traveled as far as he had gone, and he recalled passing a yellow truck earlier that he did not think was involved. The Officer was concerned that the citizen in the yellow truck would be in danger if he or she attempted to contact the allegedly-armed suspect. The parties dispute whether Officer Redfield activated his emergency lights; two witnesses of the accident reported he had them on whereas one reported he did not. He did not activate his siren.

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, REMANDING TO STATE COURT \* 2**

When Officer Redfield approached the intersection of Ninth Street and Eastmont, driving westbound now, he had the red light. Defendants assert he slowed to allow vehicles to clear the intersection, but Plaintiffs maintain he did not slow or stop. Witnesses estimate his speed as somewhere between 20 and 40 miles per hour. Meanwhile, Kate Ruh was driving southbound on Eastmont. As she approached the intersection, she had the green light. Neither Officer Redfield nor Kate Ruh saw the other as they entered the intersection. As a result of the accident, the rear quarter panel of the Officer's patrol car was damaged, and the front end of Plaintiff's vehicle was damaged.

Immediately following the collision, Plaintiff exited her vehicle. She called her parents and informed them she had been in an accident. She was crying on the phone. Mr. and Mrs. Ruh were at home, about an eighth of a mile from the intersection. When they arrived on the scene, Mr. and Mrs. Ruh saw the car and were surprised by the extent of damage to the vehicle, but they knew their daughter was no longer in the car.

Kate Ruh experienced back pain a few days after the collision and visited the doctor, but she has been pain-free for some time. Mr. and Mrs. Ruh claim they have suffered from stress and anxiety related to Kate's well-being as a result of the accident, viewing the scene, and Kate's emotional suffering at the time of the accident. They have not sought counseling for any emotional condition. Officer Redfield was not disciplined for his part in the accident by the City of East Wenatchee.

## DISCUSSION

Defendants argue that summary judgment is appropriate for Plaintiffs' § 1983 claim and for Plaintiffs' negligent infliction of emotional distress and negligent supervision claims. As to the § 1983 claim, Defendants assert Plaintiffs' constitutional rights were not violated, and, in the event they were violated, the violation did not result from an official municipal policy or custom. Defendants

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, REMANDING TO STATE COURT \* 3**

argue Plaintiffs' negligent infliction of emotional distress claim should be dismissed because there was a substantial change in the location and condition of their daughter between the accident and their arrival upon the scene and because Plaintiffs have not presented any evidence of a diagnosable emotional disorder. Lastly, Defendants urge dismissal of Plaintiff's negligent supervision claim due to the total lack of evidence to support the claim.

To establish liability under § 1983, Plaintiffs bear the burden of proving that Defendants: (1) acted under color of state law, and (2) deprived Plaintiffs of rights secured by the Constitution or federal statutes.[1]  42 U.S.C. § 1983; *Martinez v. City of Oxnard*, 270 F.3d 852, 855 (9th Cir. 2001).  Defendant Officer Redfield was indisputably acting in his official capacity as a police officer at the time the collision occurred with Plaintiff Kate Ruh, so Plaintiffs have established the first element of their § 1983 claim.  Plaintiffs allege Defendants violated Kate Ruh's substantive due process rights by recklessly causing the accident.

The Supreme Court reviewed a substantive due process claim in *County of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998).  Specifically, the Court considered "whether a police officer violates the Fourteenth Amendment's guarantee of substantive due process by causing death through deliberate or reckless indifference to life in a high-speed automobile chase aimed at apprehending a suspected offender." *Id*.  In answering "no," the Court held that "in such circumstances only a purpose to cause harm unrelated to the legitimate object of

---

[1] Section 1983 states in relevant part the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, REMANDING TO STATE COURT \* 4**

arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Id*. The parties agree that *Lewis* and its progeny apply to the facts in this case, but they disagree as to the result.

Defendants contend that Officer Redfield was engaged in a legitimate law enforcement activity by responding to a report of an alleged armed robbery suspect. Defendants assert that the officer here did not have the requisite intent to harm Plaintiffs or any citizens, thus they are not liable under § 1983 for a substantive due process violation. "[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Lewis*, 523 U.S. at 849. Furthermore, "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983." *Id*. at 854.

The Ninth Circuit has applied the *Lewis* "shocks the conscience" standard to cases in which innocent by-standers are injured or killed by law enforcement activities. *E.g.*, *Onossian v. Block*, 175 F.3d 1169, 1171-72 (9th Cir. 1999); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372 (9th Cir. 1998). The *Moreland* court concluded the "shocks the conscience" standard controls "in cases where it is alleged that an officer inadvertently harmed a bystander while responding to a situation in which the officer was required to act quickly to prevent an individual from threatening the lives of others." *Id*. Like the appellants in *Moreland*, Defendants argue that Plaintiffs cannot state a § 1983 claim under their theory of negligent or even reckless behavior on the part of Officer Redfield. Even if Officer Redfield acted recklessly or with gross negligence, Plaintiffs' claim cannot withstand summary judgment because these matters are not material to the controlling question of whether Redfield acted with a purpose to harm Kate Ruh that was unrelated to his pursuit of the armed robbery suspect and his attempt to stop the suspect from potentially harming others. *Id*. at 373.

Plaintiffs counter that a plaintiff seeking to establish a constitutional

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, REMANDING TO STATE COURT \* 5**

violation must demonstrate only that the official's conduct shocks the conscience in the particular setting in which that conduct occurred. The *Lewis* Court did state that "[d]eliberate indifference that shocks in one environment may not be so patently egregious in another, and our concern with preserving the constitutional proportions of substantive due process demands an exact analysis of circumstances before any abuse of power is condemned as conscience shocking." 523 U.S. at 850.

In its analysis leading to the conclusion that, where an officer is engaged in a high-speed chase aimed at apprehending a suspected offender, only an unrelated purpose to cause harm will satisfy the element of arbitrary conduct shocking to the conscience necessary to state a due process violation, the Supreme Court considered other circumstances where officials' culpability falls "within the middle range . . . [of] more than negligence but less than intentional conduct, such as recklessness or gross negligence[.]" *Id*. at 849 (internal quotation and citation omitted). The Court remarked that "[a]s the very term 'deliberate indifference' implied, the standard is sensibly employed only when actual deliberation is practical." *Id*. at 851. Therefore,

> [l]ike prison officials facing a riot, the police on an occasion calling for fast action have obligations that tend to tug against each other. Their duty is to restore and maintain lawful order, while not exacerbating disorder more than necessary to do their jobs. They are supposed to act decisively and show restraint at the same moment, and their decisions have to be made 'in haste, under pressure, and frequently without the luxury of a second chance.

*Id*. at 853 (citation omitted).

Plaintiffs cite to a Third Circuit case, *Nicini v. Morra*, 212 F.3d 798, 810-11 (3d Cir. 2000), as additional support that an officer's deliberate indifference may, in some circumstances, shock the conscience and rise to the level of a constitutional claim. *Nicini* is not binding authority, and it is distinguishable from the facts here. The claim in *Nicini* arose from conduct in the foster care context, where an affirmative duty to care for those in "custody" exists. *Id*. at 810. In the

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, REMANDING TO STATE COURT \* 6**

foster care context, a state actor's deliberate indifference to alleged abuse of a foster child could easily rise to a level that shocks the conscience. The facts of this case, however, are more similar to those in *Lewis* and *Moreland*, where an officer engaged in legitimate law enforcement activities inadvertently harms either the suspect or an innocent by-stander.

Plaintiffs also place great weight on the policies and procedures of the East Wenatchee Police Department regarding vehicular pursuit. Officer Redfield's compliance with these policies or lack thereof is irrelevant to Plaintiffs' constitutional claim. Even "deliberate indifference" to the vehicular pursuit policy could not "shock the conscience." Instead, Officer Redfield must have acted with a purpose to harm Kate Ruh that was unrelated to his attempt to apprehend the armed robbery suspect to have perpetrated a constitutional violation. *See Lewis*, 523 U.S. at 854; *Moreland*, 159 F.3d at 373. Officer Redfield's decision to drive at a speed of 20-40 miles per hour through a red light in pursuit of a robbery suspect and the resulting collision are not so arbitrary as to "shock the conscience." *See Onossian*, 175 F.3d at 1172 (holding no reasonable trier of fact could find that defendants' actions shock the conscience where they were engaged in a vehicular pursuit in downtown Los Angeles lasting about one minute and traveling at a speed of up to 45 miles per hour). The facts in this case simply do not support the finding that Officer Redfield's actions shock the conscience, so summary judgment on Plaintiffs' § 1983 claim against Officer Redfield and the City is appropriate.[2]

With dismissal of Plaintiffs' one federal claim, the Court has discretion either to exercise ancillary jurisdiction over the remaining state law claims or to

---

[2] Defendants also argue Plaintiffs' claim against the City should be dismissed because there is no evidence of an official policy or custom. Because there is no constitutional violation, the Court need not reach the question of municipal liability.

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, REMANDING TO STATE COURT * 7**

remand the matter back to state court. *See* 28 U.S.C. § 1367(c). This case was originally filed in Douglas County Superior Court on October 28, 2004. Defendants removed the case to this Court on November 22, 2004. The remaining state law claims include negligence, negligent infliction of emotional distress, and negligent supervision. Because Plaintiffs originally filed this matter in state court, the Court elects to remand the remaining state law claims to their chosen jurisdiction.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Partial Summary Judgment (Ct. Rec. 12) is **DENIED**, in part, with leave to renew upon remand to Douglas County Superior Court; and **GRANTED**, in part, with regard to the § 1983 claim.

2. The remaining state claims are **REMANDED** to Douglas County Superior Court.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 24th day of April, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2004\Ruh\Ruh.sj.ord.wpd

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, REMANDING TO STATE COURT \* 8**